## WRIGHT v. CITY OF PASADENA et al.

District Court, S. D. California, Central Division. August 19, 1929.

No. 2569–M.

Bertrand J. Wellman, of Los Angeles, Cal., and George W. Padgham, of Pasadena, Cal., for plaintiff.

R. C. McAllaster, City Atty., and Harold P. Huls, Deputy City Atty., both of Pasadena, Cal., for defendants.

McCORMICK, District Judge. By order of court and upon motion, plaintiff has filed an amended complaint wherein she seeks to recover damages for injuries alleged to have been sustained by her on January 1, 1926, in the collapse of a reviewing grand stand erected on real property of defendant Lockwood in Pasadena, Cal., and constructed by defendant Mahoney for the purpose of providing seating accommodations for the guests and visitors of the city of Pasadena who went there January 1, 1926, to witness the annual Tournament of Roses that occurred that day upon and through public streets of said city with the permission of the municipal authorities, and under the management of defendant Pasadena Tournament of Roses Association, a corporation.

Lockwood, the owner of said property, Mahoney, who rented the property for the purpose of erecting said grand stand, the city of Pasadena, a municipal corporation, and many of its public officers, Pasadena Tournament of Roses Association, a corporation, and its directors are all made defendants in the aforesaid action. Plaintiff contends that all defendants were guilty of negligence that proximately caused her injuries and damage.

Lockwood, the city of Pasadena, Pasadena Tournament of Roses Association, and its directors have appeared herein and filed demurrers and amended demurrers to the aforesaid amended complaint, and have also directed motions to strike out certain parts of said amended complaint; and some of said defendants have further interposed motions to strike said amended complaint in its entirety from the files. The issues raised by the aforesaid procedural steps herein have been elaborately argued and briefed by respective counsel. The matters have been under submission for several months, and decision thereon has been deferred because of the importance and novelty of the legal questions involved, and because of the pendency in the Supreme Court of California of similar legal issues, the decision of which it was thought would establish a rule that would be decisive of the aforesaid issues in this court.

It is thought that a decision in the state court will probably not be rendered for some time, and as sufficient consideration has been given to the issues under submission to enable this court to formulate and announce its decision as reflected in the minute orders en-

tered herein this day, it has been deemed proper to amplify such orders by this statement so that the litigants and their counsel, respectively, will be more specifically advised as to such rulings and as to the attitude of this court on the sufficiency of the case as stated in the amended complaint.

The motions to strike the amended complaint in its entirety from the files are denied. The original complaint was filed within applicable period of limitation. I do not regard the amended complaint as stating a new cause of action as distinguished from that alleged in the original complaint so as to bar the action under the California statutes of limitation.

It becomes unnecessary to consider or rule upon the several motions to strike out portions of the amended complaint, because of my conclusion that the demurrers of the defendant corporations and directors must be sustained, and with respect to similar motions by defendant Lockwood, I am of the opinion that the matter to which his said motions are directed are immaterial and harmless as to him, and that the amended complaint having sufficiently stated a cause of action as against defendant Lockwood, there is no necessity for considering his said motions.

The amended complaint in its present form does not state a case entitling the plaintiff to any damages against defendants the city of Pasadena, Pasadena Tournament of Roses Association, a corporation, or any of their directors or officers. There are no adequate allegations of negligent acts by any of said defendants. There are no specific facts alleged in the amended complaint that would impose liability upon any of said defendants by reason of the collapse of the grand stand. There are no allegations of ultimate fact in the amended complaint sufficient to establish a community of interest in the object or property of the undertaking of defendant Mahoney and/or defendant Lockwood in the erection, control, and management of the grand stand enterprize. It is true that plaintiff has endeavored by omnibus allegations to charge all defendants with negligently causing and directing the construction and maintenance of the grand stand, but such allegations are insufficient because the context of the amended complaint clearly shows that there was no joint enterprize by all defendants within the meaning of the law in constructing and controlling the grand stand, but on the contrary the amended complaint itself discloses and alleges a series of facts from which it is clear that the activities, if any, of the respective defendants were independent, unconnected, and exclusive; and in the face of demurrers of the scope interposed by the defendants herein, such general and all-inclusive allegations are not sufficient in law to impose actionable negligence or liability upon such defendants. They are, at best, conclusions of law and not the averment of ultimate facts. The closest approach to a sufficient allegation against the defendant the city of Pasadena is that where plaintiff attempted to allege that the city issued a permit for the erection of the grand stand and without due supervision or inspection, and, with knowledge of its dangerous and unsafe condition, permitted it to be erected and used as a facility to a parade through the public streets of such city. These allegations, however, are general and are insufficient in the face of the demurrers.

There being no allegation that the city owned the property upon which the grand stand was erected or that it had any control or management of the same in a proprietory or private capacity, the most that could be urged is that the municipal activities were governmental in character, and under such circumstances, in my opinion they would impose no liability on the city for injuries sustained by plaintiff in occupying the grand stand. Chafor v. City of Long Beach, 174 Cal. 487, 163 P. 670, L. R. A. 1917E, 685, Ann. Cas. 1918D, 106.

The insufficiency of the amended complaint as to Pasadena Tournament of Roses Association, a corporation, and its directors is even more apparent when the pleading is analyzed. In a determination of the sufficiency of the amended complaint, it is proper to examine the original complaint in order that the merit of amplified or enlarged averments in the amended complaint may be tested to determine their weight, reality, and substance. If such method is pursued, I think it obvious that the effort of plaintiff to allege negligence against such defendants is illusory and legally sham. There is nothing in the amended complaint sufficiently definite to justify a deduction that there was any causal connection between any acts of such defendants and the collapse of the grand stand that is alleged to have injured plaintiff. It is wholly impossible for one to conclude from the allegations of the amended complaint, especially when considered with those of the original complaint, that any pleaded act or acts of Pasadena Tournament of Roses Association, a corporation, or its directors operated to cause injury or damage to the plain-

tiff as a proximate cause. . It appears to the court that every merchant of Pasadena who financially contributed to the success of the Tournament of Roses, and every property owner thereof who shared in the emoluments of such event, would be liable to plaintiff in damages if the theory of liability as set forth in the amended complaint were tenable.

I have not attempted a detailed discussion or analysis of the amended complaint here under consideration, but I feel that the court's decision has been clarified sufficiently so as to apprise counsel as to what the court considers to be a sufficient pleading so as to require the defendant corporations and their officers and their directors to answer and defend this suit.

It has been considered that the proper exercise of discretion in this case would be to permit the plaintiff to amend her complaint if she can do so as to meet the requirements of a sufficient complaint against the corporate defendants and their directors and officers in accordance with this memorandum opinion. It is quite probable that she will be unable to do so, but in the interests of justice, and so as to safeguard as far as possible the proper exercise of judicial discretion, she will be permitted within 20 days from date of notice of this ruling to file an amended complaint herein without prejudice against any of the defendants other than defendant Lockwood, to interpose such additional motions or demurrers that to any of them may appear proper.